762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT A. BURTON, PETITIONER,
v.
YOUNGSTOWN EMPLOYMENT AND TRAINING CORPORATION; UNITED
STATES DEPARTMENT OF LABOR, RESPONDENT.
 NO. 83-3361
 United States Court of Appeals, Sixth Circuit.
 3/28/85
 
 ON APPEAL FROM THE UNITED STATES DEPARTMENT OF LABOR
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and NEWBLATT*, District Judge.
 PER CURIAM.
 
 
 1
 This case is before the court under Sec. 107(a) of the Comprehensive Employment and Training Act of 1973 as amended (C.E.T.A.), 29 U.S.C. Sec. 817(a) (Supp. II. 1978), on the petition of Robert A. Burton (Burton). Burton seeks review of a decision and order of United States Department of Labor issued on March 9, 1983. The administrative law judge held that the defendant-appellee, the Youngstown Employment and Training Corporation (Y.E.T.C.), a recipient of funds under C.E.T.A., did not discriminate against Burton on the basis of sex in denying him a position as training specialist and that Burton was not entitled to a veteran's preference in connection with the selection procedure used to evaluate applicants for the position.
 
 
 2
 Burton is a black male veteran who, on June 19, 1979, applied for the position of training specialist with Y.E.T.C., a recipient of C.E.T.A. funds. He was interviewed, as were others, for the position which was awarded to Carol Griffin (Griffin), a black woman. The applicants were interviewed by a panel consisting of four men. Each interviewer rated each applicant on five factors: education, C.E.T.A. experience, other experience, applicable skills, and personality. The scores were averaged and totaled. This total was then divided by four to determine an applicant's rating. The applicant with the highest rating was to be offered the position. The selection procedure was used to fill all staff positions at Y.E.T.C. at the time of Burton's application for employment.
 
 
 3
 According to the rating sheets of Griffin and Burton, Griffin outscored Burton in four of the five areas. In one area, education, they received identical scores. Griffin's total score was 54 and her rating 13.50, the highest rating received by any applicant. Burton received the third highest score, 42 points, and the third highest rating, 10.50. Significantly, Burton had no C.E.T.A. experience, which was a prerequisite for the C.E.T.A. training specialist position.
 
 
 4
 On December 12, 1979, Burton filed a grievance with Y.E.T.C. alleging inter alia that his non-selection for the position of training specialist was a result of sex discrimination. Pursuant to Y.E.T.C. regulations, the grievance was investigated by the Y.E.T.C. which issued findings on December 26, 1979. Y.E.T.C. concluded that there was no indication of discrimination. A request for a formal hearing was made and granted. The Y.E.T.C. hearing officer issued his decision on February 1, 1980, concluding that the rating system used by Y.E.T.C. was a 'fair, rational and equitable method of selection' and that Burton had failed to establish sex discrimination in the selection procedure. A final decision reached by the Y.E.T.C. Board of Trustees concurred with the hearing officer's decision and was issued on February 12, 1980.
 
 
 5
 On February 20, 1980, Burton filed a complaint with the United States Department of Labor alleging sex discrimination and improper failure to award him a veteran's preference in regard to Y.E.T.C.'s selection of a training specialist. The complaint was investigated, and on September 24, 1980 the Department issued a final determination finding no discrimination or improper conduct on the part of Y.E.T.C. Burton then requested an administrative hearing.
 
 
 6
 On September 30, 1981, a hearing was conducted before an administrative law judge who issued a decision and order on March 9, 1983. The administrative law judge concluded that the selection of Griffin over Burton was not the result of sex discrimination and that Burton was not entitled to a veteran's preference.
 
 
 7
 Preliminarily it must be noted that C.E.T.A., 29 U.S.C. Sec. 101 U.S.C. Sec. 801 et seq, was repealed in 1982 (Pub. L. 97-300, Title I, Sec. 184(a)(1), October 13, 1982, 96 Stat. 1357), and replaced by the Job Training Partnership Act, 29 U.S.C. Sec. 1501 et seq (J.T.P.A.). Under Sec. 1591(d) of the J.T.P.A., the previously adopted regulations covering the C.E.T.A. program remain in effect; under Sec. 1591(f) of the new act, the provisions of the J.T.P.A. do not affect CETA actions pending before agencies or courts on October 13, 1982. See City of Ann Arbor v. United States Department of Labor, 733 F.2d 429 (6th Cir. 1984). The instant proceeding was instituted in 1979, under C.E.T.A.
 
 
 8
 C.E.T.A. provided that the Departments factual determinations were conclusive if supported by substantial evidence. 29 U.S.C. Sec. 819(b) (1982). In this case, the a.l.j.'s factual conclusions are amply supported by the record. The C.E.T.A. training specialist position legitimately requires some previous C.E.T.A. experience, which is rated at a pre-set level of a scale of one point for one to six months experience up to four points for at least three years of experience. Burton had no experience and received a score of zero on this portion of the evaluation, while Griffin received four points for her extensive experience. Otherwise Burton and Griffin were rated rather closely by the four interviewers. There is absolutely no indication of any discriminatory animus in the decision to hire Griffin. [In his brief on appeal, Burton suggests discrimination on the combined basis of sex and race: that is, against black males. This issue was not before the a.l.j. and there is no evidence of record which supports that claim.]
 
 
 9
 Finally, the a.l.j. correctly held that there is no statutory provision establishing a veteran's preference in the hiring of C.E.T.A. employees. Therefore, the petition for review is denied. No costs shall be taxed against Burton.
 
 
 
 *
 Hon. Stewart A. Newblatt, U.S. District Judge, Eastern District of Kentucky, sitting by designation